**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:24-CR-55** |
| | § | |
| | § | |
| | § | |
| | § | |
| **JAQUIL MARQUIS JONES** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 5, 2026, alleging that the Defendant, Jaquil Marquis Jones, violated his conditions of supervised release. This matter is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

### I. The Original Conviction and Sentence

Jones was sentenced on February 7, 2025, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm by a Prohibited Person, a Class C felony. This offense carried a statutory maximum imprisonment term of 15 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of II, was 12 to 18 months. Jones was subsequently sentenced to 16 months' imprisonment followed by a 3-year term of supervised release. The term of imprisonment imposed was ordered to run concurrently to the defendant's imprisonment under any future state sentence in Jefferson County, which is relevant conduct to the instant federal offense, including

Tamper/Fabricate Physical Evidence with Intent to Impair, Docket No. 24DCCR0819; and Evading Arrest with Previous Conviction, Docket No. 24DCCR0818. The term of imprisonment was also ordered to run consecutively to the defendant's imprisonment under any future state sentence in Jefferson County, which are not related to the instant federal offense, including Evading Arrest Detention, Docket No. M333691; and Possession of Dangerous Drug, Docket No. M333755.

The 3-year term of supervised release was subject to the standard conditions of release, plus special conditions to include providing access to financial information to monitor efforts to obtain/maintain employment, testing and treatment for substance abuse, mental health treatment, acquiring high school equivalency certificate, and a $100 special assessment. Federal Bureau of Prisons (BOP) records show the case was submitted for classification on April 23, 2025. Upon verifying Jones' state jail credits, on April 29, 2025, the BOP determined he was an immediate release having over-served his prison sentence by 9 days. Such over-served time should be applied to any future computation for a supervised release violation under this docket number.

## II. The Period of Supervision

On April 29, 2025, Jones completed his period of imprisonment and began service of the supervision term

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising ten allegations.  The petition alleges that Jones violated the following conditions of release:

Allegation 1. The Defendant must not communicate or interact with someone he knows is engaged in criminal activity without first getting the permission of the probation officer.

Allegation 2.  The Defendant must not commit another federal, state or local crime.

2

Allegation 3. The Defendant must notify the probation officer within 72 hours of an arrest or questioning by law enforcement.

Allegation 4. The Defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court of probation officer.

Allegation 5.  The Defendant must notify the probation officer within 72 hours of an arrest or questioning by law enforcement.

Allegation 6.  The Defendant must not communicate or interact with someone he knows is engaged in criminal activity without first getting the permission of the probation officer.

Allegation 7.  The Defendant must live at a place approved by the probation officer and  must notify the probation officer at least 10 days before any changes. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

Allegation 8.  The Defendant must refrain from any unlawful use of a controlled substance.

Allegation 9.  The Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise participation in the program.

Allegation 10.  The Defendant shall pay to the United States a special assessment of $100, which is due immediately.

## IV.  Proceedings

On March 31, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, the Defendant agreed to plead "true" to the ninth allegation that claimed he failed to participate in drug testing and treatment  as instructed.   The parties deferred to the court for recommended punishment.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.   The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to participate in drug testing and treatment as instructed, the Defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the policy statement imprisonment range is 4 to 10 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than 3 years.

U.S.S.G. § 7C1.4(c) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1.  The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2.  The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.  Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4.  Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6.  The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

### VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to participate in a program of drug testing and treatment for substance abuse as instructed.   Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that the Defendant violated a condition of supervised release.

The parties, however, were unable to reach agreement as to the appropriate term of imprisonment. During the hearing, the undersigned questioned Jones at length regarding the alleged violation and his plans moving forward to successfully complete his supervised release. Jones explained that he experienced a period of mental instability, which led to the violations alleged in the petition.  Jones represented to the court that he is trying to restore normalcy in his life by taking prescribed medications and relying on his faith and family.  The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18

6

U.S.C. § 3583(e) and considered the defendant's history and characteristics; the amount of time served on his current supervision; and the fact that Jones is also serving a 10-year term of community supervision in Jefferson County, Texas, Cause No. 24DCCR0819, which began on March 17, 2025. The Defendant's violation is a Grade C violation and his criminal history category is II. The policy statement range in the Guidelines Manual is 4 to 10 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 6 months' imprisonment with two years of supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated a special condition of release by failing to participate in drug testing and treatment as directed. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 6 months' imprisonment with two years of supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas. The Defendant's request should be accommodated, if possible.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when the Defendant was originally sentenced in this case shall be re-imposed. Such conditions are set forth in the Judgment, and the rationale for these conditions is contained in the Defendant's Presentence Investigation Report.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

SIGNED this 1st day of April, 2026.

_____

Zack Hawthorn
United States Magistrate Judge